# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Richard Boyd, | ) |
|                                 Plaintiff, | ) Civil Action No.: 5:18-cv-00269-JMC |
| v. | ) **ORDER AND OPINION** |
| Elton Latroy Guinyard, Sears Roebuck & Co., and Wolverine World Wide, Inc., | ) |
|                                Defendants. | ) |

This matter is before the court pursuant to Plaintiff Richard Boyd's Motion to Remand this case to the Orangeburg County Court of Common Pleas. (ECF No. 24.) Defendants Elton Latroy Guinyard ("Defendant Guinyard"), Sears Roebuck & Co. ("Defendant Sears"), and Wolverine World Wide, Inc. ("Defendant Wolverine") (collectively, "Defendants") oppose Plaintiff's Motion to Remand and request that the court retain jurisdiction. (ECF No. 25.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 24).

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2016, Plaintiff filed a products liability action for negligence, strict liability, and breach of warranty in the Orangeburg County Court of Common Pleas, naming Defendant Wolverine, Defendant Sears, and the correctly identified shoe salesman, Defendant Guinyard, as Defendants in the lawsuit.[1] (ECF No. 1-1.) On February 7, 2017, Plaintiff filed an Amended

---

[1] Plaintiff originally filed the products liability action in the Orangeburg County Court of Common Pleas on January 6, 2016. (*See* ECF No. 24 at 2-4.) Plaintiff named Defendants Wolverine, Sears, and the shoe salesman believed to be Elton Shuler as Defendants. (*Id*.) Defendants Wolverine and Sears removed the case to federal court due to the fact that Sears had no record of an employee by the name of Elton Shuler. (ECF No. 24 at 2.) The parties stipulated to the dismissal of the first lawsuit on June 17, 2016. (*Id*.); *see* Civil Action No. 3:16-cv-16-1529-JMC.

1

Complaint. (ECF No. 4.) Plaintiff's lawsuit centers around a staple that protruded through the insole of his boots—allegedly designed and manufactured by Defendant Wolverine and sold by Defendant Sears—resulting in a sore or abscess that formed on Plaintiff's left heel.[2] *Id.*

On January 31, 2018, Defendants filed a Notice of Removal (ECF No. 1), asserting that the court possessed jurisdiction over the matter because complete diversity of citizenship exists between the parties and the amount in controversy is met.[3] (*Id.* at 2 ¶ 7.) Defendants' diversity of citizenship assertion is based on the contention that neither Defendants Sears nor Guinyard participated in the sale and/or distribution of the boots, which are the subject of Plaintiff's products liability claims. (*Id.* at 2 ¶ 6.)

On March 2, 2018, Plaintiff filed a Motion to Remand, asserting that (1) removal of the case violates Fed. R. Civ. P. § 1446(c)(1) because the removal occurred more than one year after the action was commenced; (2) the removal violates § 1446(b)(1) and (3) because the removal occurred more than 30 days after Defendant Wolverine received the amended pleadings and no "other paper" existed to trigger a new 30-day window for removal; (3) removal violates § 1446(b)(2) because Defendant Guinyard did not consent to removal; and (4) Defendants Sears and Guinyard are not fraudulently joined. (ECF No. 24.)

On March 16, 2018, Defendants filed a response in opposition to Plaintiff's Motion to Remand, positing that (1) the removal was timely under 28 U.S.C. § 1446(c)(1) due to Plaintiff's bad faith actions; (2) the removal was timely under 28 U.S.C. § 1446(c)(1) because the case was removed within one year of the commencement of the second lawsuit; (3) the removal was timely

---

[2] Because Plaintiff was diabetic, he had neuropathy in his feet which may have delayed the discovery of his injury and worsened its severity. (ECF No. 24 at 2.)

[3] On September 20, 2017, Plaintiff was notified that Defendant Wolverine's attorney was representing both Defendants Wolverine and Sears. (ECF No. 24-6.)

under 28 U.S.C. §1446(b)(3); (4) Defendant Guinyard is a sham defendant added for the purposes of defeating diversity, and therefore, whether he consented to removal is irrelevant to whether Defendant Wolverine's removal was appropriate; and (5) Plaintiff's blatant efforts to deny Defendants their substantial right to removal should not be rewarded by a remand of the case. (ECF No. 25.)

On March 23, 2018, Plaintiff filed a reply to Defendants' Response maintaining that (1) Defendant Wolverine's removal was indeed untimely under § 1446(b)(3); (2) Plaintiff did not act in bad faith in order to prevent Defendants from removing the action within one year of filing; and (3) Defendants Sears and Guinyard were not fraudulently joined because Plaintiff had established a cause of action against these Defendants. (ECF No. 27.)

## II. LEGAL STANDARD

### A. Removal Based on Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…." 28 U.S.C. § 1332(a). This is known as diversity jurisdiction, and the statute requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1990). Additionally, a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants are citizens of the state in which such action is brought. 28 U.S.C. 1441(b)(2). This type of removal

3

is generally known as the "home state defendant rule."

In cases where the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing a case based on diversity jurisdiction, the party invoking federal jurisdiction must allege diversity jurisdiction in the notice of removal and, when challenged, demonstrate basis for jurisdiction). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

There are time requirements for a defendant to remove a case to federal court based upon alleged diversity of citizenship under § 1332. First, the notice of removal is required to be filed within 30 days "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Additionally, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). According to § 1446(b)(2), "all defendants who have been properly joined and served must join in or consent to the removal of the action" and such consent must be provided by each defendant "within 30 days after receipt by or service on the defendant of the initial pleading or summons described in § 1446(b)(1)." Lastly, 28 U.S.C. § 1446(c)(1) provides that a case may not be removed on the basis of jurisdiction conferred by section §

1332 (diversity) more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

**B. Fraudulent Joinder**

"It is difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit." *Fields v. Expedited Logistics Solutions LLC*, Civil Action No.: 5:16-cv-00728-JMC, 2016 WL 7173370, at *2 (D.S.C. Dec. 9, 2016) (quoting *Mayes*, 198 F.3d at 461). A defendant may accomplish this feat, however, through the doctrine of fraudulent joinder if certain requirements are met. *Id*.

The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes*, 198 F.3d at 461 (citing *Cobb v. Delta Exp. Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999)). For this exception to apply, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleadings of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original).

The standard for finding fraudulent joinder is considered to be more stringent than the "scintilla" standard applied to motions to dismiss or for summary judgment. "The party alleging fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ.

P. 12(b)(6)." *Hartley*, 187 F.3d at 424. "Thus, to defeat an allegation of fraudulent joinder, 'there need be only a slight possibility of a right to relief.'" *Mayes*, 198 F.3d at 466 (quoting *Hartley*, 187 F.3d at 426); *see also Hartley*, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."). Additionally, the chance of a challenged removal based on fraudulent joinder succeeding when the discovery period remains open "fades to an infinitesimal amount when the plaintiff produces any evidence in support of the element at issue." *Fields*, at *11. Additionally, "[t]he mere fact that discovery remains open prevents the court from concluding that such evidence would be impossible to come by." *Id*.

### III. ANALYSIS

Plaintiff asserts that this case should be remanded to state court because (1) complete diversity is not present among the parties as is required by 28 U.S.C. § 1332, thereby depriving the court of jurisdiction over this matter, and (2) Defendant Wolverine's notice of removal was not timely filed pursuant to 28 U.S.C. § 1446. (ECF No. 24 at 1.) The court need not analyze the procedural issue presented (*i.e.*, if removal was timely) if the court finds that it does not have jurisdiction over this matter. Therefore, the court will first assess whether complete diversity is present among the parties.

#### A. Complete Diversity/Fraudulent Joinder

Pursuant to 28 U.S.C. § 1332, a matter before the court must be between citizens of different states for a district court to have federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff is a citizen and resident of South Carolina. (ECF No. 4 at 2.) Defendant Guinyard is a citizen and resident of South Carolina. (*Id*.) Defendants Wolverine and Sears are corporations

organized and existing under the laws of a state *other than* South Carolina with its principal place of business in a state *other than* South Carolina. (ECF Nos. 5, 6.)

Defendants maintain that Defendant Guinyard is a sham defendant added for the purpose of defeating diversity. (ECF No. 25 at 14.) In support, Defendants state:

> [there is] hard, uncontradicted documentation that the boots which are the subject of Plaintiff's claims were never sold/distributed by Wolverine to Sears and never sold/distributed by Sears through any of its stores. Since the boots were never distributed to Sears and since Sears never sold the boots in its stores, there is no possibility that Defendant Guinyard (or for that matter Sears) could ever be held liable for the alleged transaction involving the sale of the boots.

(ECF No. 25 at 15.)

In order for the court to find that Defendants Sears and/or Guinyard have been fraudulently joined in this action, the court must find "either 'outright fraud in the plaintiff's pleadings of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (citing *Marshall*, 6 F.3d at 232 (emphasis in original). In this analysis, all issues of law and fact must be resolved in Plaintiff's favor. *Hartley*, 187 F.3d at 424. "There need be only a slight possibility of a right to relief." *Id*. at 426. "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.*

Plaintiff's affidavit stating that he purchased the boots from Defendant Sears with Defendant Guinyard serving as the salesman, constitutes factual evidence that Defendant Wolverine contests but which must be viewed in the light most favorable to Plaintiff for purposes of this Motion to Remand. (ECF No. 24-8.) Therefore, Plaintiff's affidavit provides the "glimmer of hope" necessary to defeat Defendant Wolverine's attempted removal. A reasonable jury may believe Plaintiff's testimony that he purchased the boots from Defendants Guinyard and Sears, despite Defendant Wolverine's arguments to the contrary. In fact,

7

Plaintiff's testimony is the only record evidence on the issue. There is no affidavit from Defendant Guinyard or any Sears representative denying they sold the boots to Plaintiff or stating that this model of boots was never sold in any Sears stores in the United States. Likewise, Defendant Wolverine's affidavit of its Product Manager, Jon Price, does not establish that Sears never sold the boots. (*See* ECF No. 25-12.) Rather, the affidavit simply alleges that Defendant Wolverine never sold or distributed the model boots *to Sears*. (*Id*.) There is no evidence on the issue of whether Defendant Sears obtained the boots from an entity other than Defendant Wolverine and then sold them to Plaintiff as alleged.

In Defendant Wolverine's memorandum opposing remand, Defendant Wolverine discusses a January 4, 2018 email from a Sears representative to the attorney for Defendants Sears and Wolverine. (ECF No. 25 at 5.) The email contained only two sentences: "Below is the email string which I have received from the buyers. Bottom line, we did not sell this boot in the stores." (ECF No. 25-10.) Nothing more is contained in the email and the email string is not provided. Defendant Wolverine attached as an exhibit a Historical Cost of Sales report purportedly standing for the proposition that Defendant Sears was not listed as a store that sold the subject boot. However, without an affidavit from Defendant Sears, the court cannot definitively determine that this list is exhaustive. Accordingly, at this juncture, the evidence presented to support the claim that Defendant Sears did not sell the subject boot is not persuasive to meet Defendants' burden to prove the jurisdictional requirements.

Therefore, based on the record presented, the court finds that Plaintiff is able to establish a cause of action against Defendants Guinyard and Sears. A jury may reasonably find for Plaintiff based on the evidence presented. As a result, the court does not find that there has been a fraudulent joinder, and the case must be remanded because the court does not have jurisdiction

8

over this matter.

## IV.　CONCLUSION

Based on the foregoing, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 24).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 5, 2018
Columbia, South Carolina